10-192-cv
Kaczmarczyk v. Acme Contracting LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DARIUSZ KACZMARCYSK, on behalf of himself and others similarly situated,

> *Plaintiff-Appellee*,

> -v.-                                                                No. 10-192-cv

RONALD BYRON DUTTON,

> *Defendant-Appellant*,

ACME CONTRACTING LLC, PILLAR CONTRACTING LTD., RYSZARD LISIEWICZ,

> *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FOR DEFENDANT-APPELLANT:**        Ronald Dutton, *pro se*, Staten Island, NY.

**FOR PLAINTIFF-APPELLEE:**        Robert Wisniewski, New York, NY.

Appeal from November 3 and November 24, 2009, orders of the United States District Court for the Eastern District of New York (Viktor V. Pohorelsky, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be **REVERSED** and **REMANDED** for further proceedings.

Defendant-Appellant Ronald Dutton, *pro se*, appeals from a November 3, 2009 order enforcing a settlement agreement and a November 24, 2009 order denying Dutton's timely motion for reconsideration. The sole issue on appeal is whether the Magistrate Judge erred in concluding that the parties had reached an enforceable settlement agreement as of their conference before the Court in July 2008. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the District Court's factual findings, including whether an enforceable settlement agreement exists, for clear error. *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). While the question of whether New York or federal common law determines whether parties have reached a settlement is an open question in our Circuit, we need not decide that question here because "there is no material difference between the applicable state law or federal common law standard." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997); s*ee also Jim Bouton Corp. v. William Wrigley Jr. Co.*, 902 F.2d 1074, 1081 (2d Cir. 1990) (describing the New York rule of contract formation as "generally accepted").

Dutton contends that the parties did not intend to be bound by the settlement agreement represented to the Magistrate Judge in the absence of a writing. We agree. "Parties who do not intend to be bound until the agreement is reduced to a signed writing are not bound until that time." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007) (citing *Ciaramella*, 131 F.3d at 322). It is well established that in determining whether the parties intended to be bound in the absence of a writing, this Court will consider "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985); *see also Ciaramella*, 131 F.3d at 323. While "[n]o single factor is decisive," *Ciaramella*, 131 F.3d at 323, where "there is a writing between the parties showing that [one party] did not intend to be bound . . . a court 'need look no further than the first factor.'" *RKG Holdings, Inc. v. Simon*, 182 F.3d 901, 901 (2d. Cir. 1999) (quoting *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 75 (2d Cir. 1984)).

After a *de novo* review of the record on appeal, we conclude that the first *Winston* factor militates strongly in Dutton's favor. Like the settlement agreement in *Ciaramella*, the proposed settlement agreement provides that "[t]his agreement is effective when it has been fully executed

2

by all parties." *See Ciaramella*, 131 F.3d at 324 ("the agreement states, '[t]his Settlement Agreement and General Release shall not become effective ('the Effective Date') until it is signed by Mr. Ciaramella, Davis & Eisenberg, and Reader's Digest.'"). The District Court concluded that this clause merely indicates "when the parties' contractual obligations commerce, rather than whether an enforceable agreement had been reached." Such a reading, however, was squarely rejected in *Ciaramella*; the conclusion that "wording in a settlement agreement that place[s] great significance on the execution date evince[s] an intent not to create a binding settlement until some formal date of execution" is equally applicable here. *Id.* Moreover, like the contract in *Ciaramella*, the presence of a merger clause "is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement." *Id.* *Compare* Record on Appeal, Doc. 87-5, at 10 ("[t]his Agreement contains and constitutes the entire understanding and agreement of the parties and supersedes and cancels all previous negotiations, agreements, commitments and writings in connection therewith") *with Ciaramella*, 131 F.3d at 324 ("[t]his Settlement Agreement and General Release constitutes the complete understanding between the parties, may not be changed orally and supersedes any and all prior agreements between the parties").

Because we conclude that the Magistrate Judge's effort to distinguish *Ciaramella* was unpersuasive with regard to the question of whether the proposed settlement agreement suggests that the parties intended to bind themselves until the settlement had been signed, we conclude that the District Court erred in determining that the settlement agreement should be enforced. "[W]hen a party gives forthright, reasonable signals that it means to be bound only by a written agreement, courts should not frustrate that intent." *R.G. Group, Inc. V. Horn & Hardart Co.*, 751 F.2d 69, 75 (2d Cir. 1984).

## CONCLUSION

Having considered Dutton's arguments on appeal, for the reasons stated above the District Court's order of November 3, 2009, enforcing the settlement agreement is **REVERSED** and **REMANDED** for further proceedings.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk

3